IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAMBIZ and HOMA MORADI**, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>**RECONTRUST COMPANY, N.A.,** *et al.*,<br><br>Defendants. | Case No. 3:17-cv-645-SI<br><br>**OPINION AND ORDER** |

Kambiz and Homa Moradi, *pro se*.

James P. Laurick, KILMER, VOORHEES & LAURICK, P.C., 732 NW 19th Avenue, Portland, OR 97209. Of Attorneys for Defendant(s).

**Michael H. Simon, District Judge.**

      Plaintiffs, Kambiz and Homa Moradi, representing themselves, alleged in their original Complaint two claims for relief against Defendants ReconTrust Company, N.A. ("ReconTrust"), Bank of America, N.A. ("BoA"), and the Bank of New York Mellon ("BYNM") (collectively, "Defendants"), who moved to dismiss on the grounds that Plaintiffs' claims were time-barred under the applicable statutes of limitation. In an Opinion and Order, the Court granted Defendants' motions but gave Plaintiff leave to replead additional facts to attempt to cure the

statute of limitations deficiency. On August 21, 2017, Plaintiffs filed an Amended Complaint. Defendants again move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiffs' claims are still time-barred by the applicable statutes of limitation. Defendants also file a request for judicial notice of several documents related to Plaintiffs' home loan. Because Plaintiffs have failed to cure the deficiencies in their original Complaint and because it is clear to the Court that these deficiencies cannot be cured by further amendment, Defendants' motion to dismiss is granted, and this case is dismissed with prejudice.

## STANDARDS

**A. Motion to Dismiss Under Rule 12(b)(6)**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the

plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**B.  *Pro Se* Filings**

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiffs' claims arise out of the foreclosure on Plaintiffs' home. The following facts are alleged in Plaintiffs' Amended Complaint and contained in documents of which the Court takes judicial notice.[1]

**A. The Foreclosure on Plaintiffs' Home**

On June 19, 2007, plaintiff Homa Moradi signed a promissory note (the "Note") and a deed of trust (the "Deed"). The Deed listed Countrywide Home Loans, Inc. dba America's Wholesale Lender ("AWL") as the lender, Fidelity National Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as the beneficiary "solely as a nominee for Lender and Lender's successors and assigns." ECF 10-1 at 1. The Deed was recorded in Washington County, Oregon, on June 25, 2007.

On March 13, 2009, MERS appointed ReconTrust as successor trustee under the Deed. On November 18, 2009, MERS purported to assign its rights in the Note and the Deed to BAC Home Loan Servicing, LP ("BAC"). Plaintiffs allege that this assignment was a false representation because MERS acted in its individual capacity, but purported to be acting as nominee for AWL, the lender. BoA, having merged with BAC, then assigned its purported rights in the loan to BNYM. Plaintiffs also allege that this assignment was fraudulent because BoA knew or should have known that it never received any rights in the Note and the Deed because MERS did not have authority to assign such rights. Each of these assignments was recorded.

---

[1] Defendants request judicial notice of: (1) the Deed of Trust, dated June 19, 2007 (ECF 22-1); (2) the Assignment of Deed of Trust dated November 18, 2009 (ECF 22-2); (3) the Appointment of Successor Trustee dated March 13, 2009 (ECF 22-3); and (4) the Trustee's Deed dated January 6, 2012 (ECF 22-4). Plaintiffs neither object nor stipulate to the Court taking judicial notice of these documents, although Plaintiffs previously stipulated that the Court may take judicial notice of all but the Deed of Trust. *See Moradi v. ReconTrust Co., N.A.*, 2017 WL 3259798, at *2 n.1 (D. Or. July 31, 2017). Because each of these documents have been recorded in Washington County, Oregon, Defendants' request for judicial notice is granted.

On January 6, 2012, ReconTrust conducted a foreclosure sale on behalf of BoA and sold Plaintiffs' property at public auction to BNYM, even though ReconTrust and BoA allegedly knew or should have known that they had no rights in the Deed on which to foreclose. ReconTrust also executed and recorded a trustee's deed, conveying the property to BNYM. On February 17, 2012, Plaintiffs were served with a summons and complaint for eviction. A hearing was held on March 19, 2012, for forcible entry and unlawful detainer regarding Plaintiffs' foreclosure and eviction. At that hearing, a stipulated judgment was entered wherein the parties agreed that Plaintiff would pay past due rents and vacate the property by a certain date, and that Plaintiffs did not waive their right to challenge the underlying foreclosure in subsequent legal action. ECF 19 ¶¶ 3.35-36. Plaintiffs entered into a stipulated eviction, agreeing to vacate the property by May 3, 2012.

Plaintiffs filed this lawsuit on January 23, 2017, bringing two claims against Defendant. First, Plaintiffs claim that the January 2012 foreclosure sale of their home violated Oregon's Unlawful Trade Practices Act ("UTPA") because BoA, acting through ReconTrust, sold Plaintiffs' home even though BoA owned no interest in the home. Second, Plaintiffs assert a common law fraud claim, alleging that "[e]very action taken subsequent to the MERS assignment by each of the Defendants" was fraudulent because Defendants knew or should have known that the MERS assignment had "no legal force or effect." ECF 1-2 ¶¶ 4.15-16; ECF 19 ¶¶ 4.15-16.

On July 31, 2017, the Court granted Defendants' Motion to Dismiss for Failure to State a Claim (ECF 8) on the basis that Plaintiffs' claims, as pled, were time-barred by the applicable statutes of limitation. *See Moradi v. ReconTrust Co.*, *N.A.*, 2017 WL 3259798 (D. Or. July 31, 2017) ("*Moradi I*"). The Court, however, granted Plaintiffs leave to replead because it was not

"absolutely clear" that Plaintiffs could not cure the deficiencies by pleading additional facts showing that their claims accrued within the limitation. *Id.* (quoting *Garity*, 828 F.3d at 854).

**B. Amended Complaint**

On August 21, 2017, Plaintiffs filed their Amended Complaint, alleging the following additional facts. Beginning a few weeks after the March 2012 hearing, Plaintiffs undertook the arduous task of teaching themselves foreclosure law. Plaintiffs spent two and a half years reading foreclosure websites, but at the end of their research Plaintiffs "had discovered no information that offered a legitimate possibility of successfully contesting the sale of their home." ECF 19 ¶ 3.47. In approximately July 2015, Plaintiffs sought the assistance of a family friend who had recently graduated from law school, who taught Plaintiffs how to do legal research. As a result, Plaintiffs learned how to read case law and they began to understand foreclosure law.

In February 2016, Plaintiffs learned of a California attorney, Michael Pines, who allegedly helped several clients recover damages for the illegal foreclosure of their homes. Mr. Pines informed Plaintiffs that he could "probably restore [Plaintiffs'] home to [them] if [Plaintiffs] were willing to pay several thousand dollars to get him started." *Id.* at ¶ 3.51. Plaintiffs paid Mr. Pines' retainer fee in May 2016, after which Mr. Pines fell out of contact with Plaintiffs. Plaintiffs unsuccessfully attempted to contact Mr. Pines in late June when they had not received any written materials from Mr. Pines. Subsequently, Plaintiffs learned that Mr. Pines lost his license to practice law before he accepted Plaintiffs' retainer fee.[2]

---

[2] The Court notes that Michael T. Pines of Carlsbad, California, Bar Number 77771, was disbarred by the State Bar of California effective November 16, 2012. *In the Matter of Michael T. Pines*, No. 10-O-10600 (November 16, 2012) http://members.calbar.ca.gov/fal/Member/Detail/77771. The Court expresses no opinion regarding whether or not Plaintiffs may have a claim against Mr. Pines.

Afterward, Plaintiffs felt "[t]ired of giving their money away" and decided to "attempt to put together a case of their own." Plaintiffs filed this action *pro se* on January 23, 2017. ECF 19 ¶ 3.55.

## DISCUSSION

Defendants move to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6). Defendants argue that Plaintiffs' claims are barred by the applicable statutes of limitation because the foreclosure and eviction from which the claims arise occurred in 2012, more than four years before Plaintiffs filed suit. Plaintiffs' first claim, which alleges a violation of UTPA, is subject to a one-year statute of limitations. Or. Rev. Stat. (hereinafter "O.R.S.") § 646.638(6). Plaintiffs' second claim, which alleges common law fraud, is subject to a two-year statute of limitations. O.R.S. §§ 12.010, 12.110(1); *see also Murphy v. Allstate Ins. Co.*, 251 Or. App. 316, 321 (2012) ("A fraud action must be commenced within two years of the date on which the cause of action accrues.").

Plaintiffs respond that their claims did not accrue until February 2016 because, by that date, they "had learned enough, factually and legally, to believe [they] had a case." ECF 24 at 3. From March 2012 until February 2016, Plaintiffs argue, they "uncovered as many material facts as [they] could and taught [themselves] foreclosure law . . . until [they] had discovered almost all of the relevant facts, and had mastered most of the simple foreclosure principles and a few of the more complex concepts." ECF 24 at 2.

Both of Plaintiffs' claims are subject to the discovery rule. *Gaston v. Parsons*, 318 Or. 247, 256 (1994) (recognizing that the discovery rule applies to fraud claims under O.R.S. § 12.110); O.R.S. § 646.638(6) (actions for UTPA violations "must be commenced within one year after the discovery of the unlawful method, act or practice."). Under the discovery rule, a cause of action accrues, and thus a statute of limitations begins to run, "when the plaintiff knows

PAGE 7 – OPINION AND ORDER

or in the exercise of reasonable care should have known facts which would make a reasonable person aware of a substantial possibility" that the elements of their claim existed. *Gaston*, 318 Or. at 256; *see also Salem Sand & Gravel Co. v. City of Salem*, 260 Or. 630, 636-37 (1971) ("'Discovery' means from the time the fraud was known or could have been discovered through exercise of reasonable care."). The discovery rule is judged from an objective standard, which depends on what a reasonable person of ordinary prudence would have or should have known. *Gaston*, 318 Or. at 256.

Oregon law provides a two-step analysis for determining whether a plaintiff should have known of the claims asserted: first, a plaintiff must have had sufficient knowledge to "excite attention and put a party upon his guard or call for an inquiry"; second, if the "plaintiff had such knowledge, it must also appear that a reasonably diligent inquiry would disclose the fraud." *Nationstar Mortg. LLC v. Decker*, 2014 WL 3695490 (D. Or. July 24, 2014) (citing *Mathies v. Hoeck*, 284 Or. 539, 542-43 (1978) (quotation marks omitted)). The discovery rule ordinarily presents a question of fact for the jury. *Id.* If, however, the only conclusion that a reasonable jury "could reach is that the plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter," a court appropriately may decide the issue as a matter of law. *Kaseberg v. Davis Wright Tremaine, LLP*, 351 Or. 270, 278 (2011) (citing *T.R. v. Boy Scouts of America*, 344 Or. 282, 296 (2008)).

Defendants argue, as they did in their first motion to dismiss, that Plaintiffs knew or should have known about Defendants' allegedly illegal conduct at least by the March 2012 unlawful detainer hearing because Plaintiffs stipulated to their eviction at that hearing. Defendants point to the fact that, at the hearing, Plaintiffs insisted on the inclusion of a term in the stipulated agreement regarding Plaintiffs' right to bring subsequent legal action as evidence

that Plaintiffs were suspicious of the foreclosure. In their original Complaint, Plaintiffs argued that they had no reason to suspect Defendants' conduct was fraudulent at the March 2012 hearing because they did not understand that the MERS's assignment was fraudulent. The Court agreed with Plaintiff that a foreclosure and eviction would not necessarily place Plaintiffs on inquiry notice that a fraud had occurred, which is why the Court gave Plaintiffs leave to replead to explain what event or events excited their attention to Defendants' allegedly fraudulent conduct. *See Moradi I*, 2017 WL 3259798, at *3.

Plaintiffs argue that it was only after they fully analyzed the relevant portions of the Uniform Commercial Code, the Oregon Trust Deed Act, and the Deed to their home that Plaintiffs were put on notice. ECF 24 at 7. The discovery rule does not apply to the discovery of a legal basis for a claim, but rather it applies only to the discovery of facts. *Travis v. Knappenberger*, 204 F.R.D. 652, 653, 656 (D. Or. 2001) ("As the Oregon Supreme Court has previously explained, the statute of limitations does not begin to run until the plaintiff knows, or in the exercise of reasonable care, should know 'every *fact* which it would be necessary for the [plaintiff] to prove . . . in order to support his [or her] right to judgment." (emphasis and alterations in original) (quoting *United States Nat'l Bank v. Davies*, 274 Or. 663, 666-67 (1976))); *see also Gaston*, 318 Or. at 256 ("the statute of limitations begins to run when the plaintiff knows . . . *facts* which would make a reasonable person aware of a substantial possibility that [the elements of their claim] exist[ ]." (emphasis added)). As the court pointed out in *Travis*, "[w]ere the rule otherwise, the discovery rule would postpone accrual in every case until the plaintiff consults an attorney." *Id.* at 657 (quoting *Allen v. State*, 118 Wash.2d 753, 758 (1992)). Plaintiffs allege no fact or event after March 19, 2012, that put them on notice of the possible existence of their claims.

Moreover, the Court is satisfied that Plaintiffs had actual notice of the possible existence of their claims. In their Amended Complaint, Plaintiffs state that they began their research into foreclosure law within a few weeks of the March 2012 hearing and that they "were never wholly accepting" that the foreclosure was lawful. ECF 19 ¶¶ 3.41, 3.43. In their response, Plaintiffs state that, as of the date of the unlawful detainer hearing, they "intuitively felt something was wrong." ECF 24, at 2. Thus, by Plaintiffs' admissions, Plaintiffs' attention was excited to the possibility that Defendants' conduct was deceptive or fraudulent as of March 19, 2012.

Defendants further argue that a reasonably diligent search by Plaintiffs would have uncovered Defendants' allegedly fraudulent conduct because Plaintiffs had access to all of the relevant documents, which were publicly recorded and stated in clear language. Plaintiffs respond that they worked diligently and tirelessly over the past five years to understand foreclosure law, which Plaintiffs assert is one "of the most difficult things Plaintiffs have ever had to learn." ECF 19 ¶ 3.58.[3] The Court empathizes with the difficulties that a *pro se* plaintiff faces, including learning the applicable law. There is, however, no lawful basis to render Plaintiffs' Complaint timely. The Court agrees with Defendants; Plaintiffs had access to all of the relevant documents as of March 19, 2012, and a reasonably diligent inquiry would have uncovered Defendants' allegedly fraudulent conduct within the applicable statutes of limitation.

Because Plaintiffs' claims accrued on March 19, 2012, the Court finds that further amendment would be futile. Accordingly, the Court dismisses this case with prejudice.

---

[3] The Court fully accepts that Plaintiffs, as laypersons, have worked hard and diligently to try to learn and understand the basics of Oregon mortgage and foreclosure law.

## CONCLUSION

Defendants' Motion to Dismiss (ECF 20) and Request for Judicial Notice (ECF 21) are GRANTED. Plaintiffs' Complaint (ECF 19) is dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 21st day of November, 2017.

/s/ Michael H. Simon<br>
Michael H. Simon<br>
United States District Judge